UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, CDCR, et al.,<br><br>Defendants. | No. 2:19-cv-2480 DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff has not, and cannot, state cognizable claims for relief under § 1983. Because this court will recommend dismissal of this action on screening, it does not address plaintiff's motion to proceed in forma pauperis.

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

    **A. Allegations of the Complaint**

Plaintiff is incarcerated at California State Prison-Sacramento ("CSP-Sac"). He identifies the following defendants: (1) John Doe, Director of the California Department of Corrections and Rehabilitation ("CDCR"); (2) Governor Gavin Newsom; (3) K. Lynch, Warden, CSP-Sac; (4) five John Does, wardens of the other prisons where he has been incarcerated since 2012; and (5) six John Does, property officers at each prison where he has been incarcerated since 2012.

Plaintiff alleges that he was transferred from California State Prison-Corcoran to CSP-Sac on November 6, 2019. On November 27, he was given his personal property. However, much of his property was missing. He states that he tried three times to file a prison appeal about this issue, but the prison is refusing to process his appeals.

Plaintiff further alleges that he has been transferred six times since 2012 and each time some of his property has been lost. Each time he received "recompensation" for the lost property. Plaintiff states that he is not seeking "recompensation" for the property recently lost. Rather, he states that he is challenging the way CDCR processes inmate property during transfers. He alleges is it corrupt and retaliatory. He contends it has caused him serious mental and emotional distress.

Finally, plaintiff seeks the appointment of counsel and to make this a class action.

    **B. Does Plaintiff State Cognizable Claims for Relief?**

        **1. Loss of Personal Property**

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither

negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for the unauthorized taking (whether intentional or negligent) of an inmate's personal property. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810–895).

Plaintiff attempts to state his claim as one involving a CDCR-wide problem with the loss of property when inmates are transferred. However, plaintiff identifies no state procedures, regulations, or statutes that resulted in the loss of his property. See Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). The fact that plaintiff has been compensated for his lost property in the past, and that he expects to be compensated again, shows that the loss of his property was not the result of authorized behavior. Since the loss of his property was unauthorized, California law provides an adequate remedy for plaintiff's loss and he may not pursue a due process claim under section 1983.

To the extent plaintiff is attempting to allege a claim under the Eighth Amendment for the loss of his property, he cannot do so. "[A] prison official violates the Eighth Amendment only when two requirements are met. First the deprivation alleged must be, objectively, 'sufficiently serious[:]' a prison official's act or omission must result in the denial of the 'minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, it must amount to a "wanton infliction of pain." Id. Plaintiff's allegations of lost property "do not impinge on a constitutionally protected basic human need and do not rise to the level of cruel and unusual punishment." Obataiye-Allah v. Gilbertson, No. 2:19-CV-00135-JR, 2019 WL 2303844, at *2 (D. Or. May 29, 2019).

Plaintiff's claims regarding the loss of his property when he was transferred are not cognizable under § 1983 and should be dismissed.

**2. Processing Grievances**

To the extent plaintiff is attempting to raise a claim regarding the processing of his grievances, he is advised that prisoners do not have "a separate constitutional entitlement to a

4

specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Prison officials are not required under federal law to process inmate grievances in any specific way.  Plaintiff's claim that prison officials refused to process his grievances does not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response.  See, e.g., Towner v. Knowles, No. 2:08-cv-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-0468 OWW YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Accordingly, any claims that defendants failed to process plaintiff's grievances should also be dismissed.

### 3. Retaliation

To the extent plaintiff is attempting to make a claim that the property losses were the result of retaliation, he fails to allege any facts to establish such a claim.  To state a claim for retaliation under the First Amendment, plaintiff must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff fails to show any action by any defendant was taken purposely to retaliate against plaintiff for the exercise of protected conduct.

### 4. Class Action

Plaintiff seeks to make this case a class action.  He may not do so.  Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an

attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v .Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propria persona in his behalf, that privilege is personal to him." Id. (citations omitted).

**C. No Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

Plaintiff's claims that defendants deprived him of his property and refused or failed to process his appeals do not state viable claims for relief. Given the nature of the claims, any further attempt to amend would be futile and it will therefore be recommended that the complaint be dismissed without leave to amend. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile." (citation omitted)).

Because this court finds plaintiff cannot succeed on the merits of his complaint, this court will deny plaintiff's request for the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (prisoner's request for appointment of counsel requires court to evaluate likelihood of success on the merits of plaintiff's claims); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

////

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court shall randomly assign a district judge to this case; and

2. Plaintiff's request in his complaint for the appointment of counsel is denied.

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief maybe granted. See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 20, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/perr2480.scrn no lta