UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVD PERRYMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR, CDCR, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-2480 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. On January 21, 2020, this court recommended this action be dismissed for plaintiff's failure to state a claim cognizable under 42 U.S.C.§ 1983. On February 5, 2020, this court granted plaintiff's request for an extension of time to file objections to that recommendation. Plaintiff has now requested a stay of these proceedings based on prison lockdowns, his assertions that he is receiving insufficient pen fillers, and an anticipated hand surgery. In addition, plaintiff requests the appointment of counsel.

　　　　Based on the prison lockdowns, this court finds plaintiff has shown good cause for a continuance of the deadline for filing objections to the January 21 findings and recommendations. If lockdowns continue, plaintiff may seek additional time. This this court finds no basis to stay these proceedings. Plaintiff has not shown that he has surgery or physical therapy scheduled. If surgery is scheduled, plaintiff can certainly request another extension of time on that basis. Nor does plaintiff's claimed need for pen fillers support a stay. Plaintiff states generally that he is

1

being supplied an insufficient number of pen fillers. However, he has sufficient writing materials to file motions for extensions of time when required and other documents. Further, a deputy attorney general has confirmed that pen fillers are regularly supplied. Plaintiff fails to explain why he is unable to file objections to the court's findings and recommendations with the supplies he is provided.

With respect to plaintiff's request for the appointment of counsel, plaintiff states only that he requires counsel due to prison lockdowns and his hand injury. However, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, plaintiff fails to show a likelihood of success on the merits. This court does not find the required exceptional circumstances.

For these reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel is denied; and

2. Plaintiff is granted a continuance of the deadline for filing objections to the court's January 21, 2020 findings and recommendations. Within 60 days of the date of this order, plaintiff shall file any objections.

Further, IT IS RECOMMENDED that plaintiff's motion for a stay of these proceedings (ECF No. 12) be denied.

////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/perr2480.obj eot2